1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK SLAMEN,

         Plaintiff,

    v.

H. CASTENADA, et al.,

         Defendants.

Case No. 22-cv-02589-WHO (PR)

**ORDER OF SERVICE;**

**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**

**INSTRUCTIONS TO CLERK**

## INTRODUCTION

Plaintiff Mark Slamen alleges Salinas Valley Prison correctional officers violated his First and Eighth Amendment rights. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Slamen has stated cognizable First and Eighth Amendment claims regarding the October 2020 incident. His claims regarding the November 2020 incidents are DISMISSED without prejudice to Slamen raising them in a separate civil rights action. The Court directs defendants to file in response to the complaint a dispositive motion, or a notice regarding such motion, on or before **January 23, 2023**.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Slamen alleges that in October 2020 Salinas Valley correctional officers H. Castenada and Valencia dropped plaintiff, who uses a wheelchair, face-first onto the ground.  (Compl., Dkt. No. 1 at 10.)  He alleges that Castenada then kneeled on his back, breaking two of Slamen's ribs, and that Castenada and Valencia delayed in getting him medical care.  (*Id.*)  He further alleges that defendants used excessive force and delayed medical care in retaliation for plaintiff exercising his First Amendment rights to file grievances.  (*Id.*)  Slamen separately alleges that in November 2020 Valencia disclosed information to inmates that plaintiff was a "rat" as part of a plan to have plaintiff assaulted in retaliation for filing grievances, and that he was in fact assaulted by an inmate as a result.  (*Id.* at 12.)

United States District Court
Northern District of California

When liberally construed, Slamen has stated First Amendment (retaliation) and Eighth Amendment claims (excessive force and delay of medical care) against defendants Castenada and Valencia regarding the October 2020 incident during which he was dropped on his face.

Slamen's claims regarding the November 2020 incidents are DISMISSED without prejudice because they are separate incidents from the October 2020 one.  Federal pleading rules require that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2).  Slamen may raise them in a separate civil rights action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The Court orders service of the complaint (Dkt. No. 1), and all attachments thereto, on defendants H. Castenada and Valencia, both a correctional officers at Salinas Valley State Prison and orders these defendants to respond to the cognizable claims raised in the complaint.

2.      Service on these defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents:  the complaint (Docket No. 1) and its attachments; this order; a CDCR Report of E-Service Waiver form; and a summons.  The Clerk also shall serve a copy of this order on the plaintiff.

3.      No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21

days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

4.     Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.

5.     On or before **January 23, 2023**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a.     If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

6.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

7.     Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

8.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.     All communications by the plaintiff with the Court must be served on

1  defendants, or defendants' counsel once counsel has been designated, by mailing a true

2  copy of the document to defendants or defendants' counsel.

3      10.    Discovery may be taken in accordance with the Federal Rules of Civil

4  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

5  Rule 16-1 is required before the parties may conduct discovery.

6      Plaintiff is reminded that state prisoners may review all non-confidential material in

7  their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.

8  1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations

9  Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.

10 Requests to review these files or for copies of materials in them must be made directly to

11 prison officials, not to the court.

12     Plaintiff may also use any applicable jail procedures to request copies of (or the

13 opportunity to review) any reports, medical records, or other records maintained by jail

14 officials that are relevant to the claims found cognizable in this order.  Such requests must

15 be made directly to jail officials, not to the court.

16     11.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

17 Court informed of any change of address and must comply with the Court's orders in a

18 timely fashion.  Failure to do so may result in the dismissal of this action for failure to

19 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20     12.    Extensions of time must be filed no later than the deadline sought to be

21 extended and must be accompanied by a showing of good cause.

22     13.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be

23 given "notice of what is required of them in order to oppose" summary judgment motions

24 at the time of filing of the motions, rather than when the court orders service of process or

25 otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir.

26 2012).  Defendants shall provide the following notice to plaintiff when he files and serves

27 any motion for summary judgment:

28

United States District Court
Northern District of California

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

**Dated:**  September 12, 2022



WILLIAM H. ORRICK
United States District Judge