UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SLAMEN,<br><br>    Plaintiff,<br><br>    v.<br><br>H. CASTENADA, et al.,<br><br>    Defendants. | Case No. 22-cv-02589-WHO (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;**<br><br>ORDER REFERRING THIS ACTION TO JUDGE ILLMAN FOR SETTLEMENT<br><br>Dkt. No. 22 |

**INTRODUCTION**

Plaintiff Mark Slamen alleges in this 42 U.S.C. § 1983 action that a prison guard, defendant H. Castaneda, violated his Eighth Amendment rights by using excessive force on him and by denying him medical care.[1] Slamen also contends that Castaneda's actions constituted retaliation under the First Amendment. Castaneda now moves for summary judgment on grounds that Slamen did not exhaust his administrative remedies for his Eighth Amendment medical care and First Amendment claims. Slamen filed no response.

I will grant summary judgment: Slamen did not exhaust his administrative remedies regarding his First Amendment or medical care claims, though he did exhaust his

---

[1] Slamen had also sued another correctional officer, Valencia. I mistakenly included Valencia as being susceptible to service in the screening order in this case even though he is not mentioned in the Complaint as being involved in the October 2020 incident that Slamen identified in his grievance; he was involved in a separate incident in November, 2020, over which Slamen would need to file a separate lawsuit. (Order of Service, Dkt. No. 10 at 2-3.) Accordingly, all claims against defendant Valencia in this case are DISMISSED.

1  excessive force claims.  Accordingly, Castaneda's motion for summary judgment is
2  GRANTED on the First Amendment and medical care claims.
3      Castaneda has been granted leave to file a second summary judgment motion.  (Dkt.
4  No. 21.)  Rather than set a dispositive motion deadline at this time, I will send the matter to
5  Magistrate Judge Robert Illman for settlement.

## BACKGROUND

7      The following factual allegations are taken from the complaint and will be assumed
8  as true for purposes of this Order only.  Slamen alleges that on October 18, 2020 at Salinas
9  Valley State Prison, while he was handcuffed and shackled in his wheelchair, Castaneda
10 and other unnamed officers lifted him and then "let [him] go face first" into the dirt.
11 (Compl., Dkt. No. 2 at 10.)  Castaneda then placed his knees on Slamen's back or on his
12 side "with great pressure that cause[d] two ribs to break." (*Id.*)  Unnamed officers put their
13 knees in his face, "getting his face cut by the rocks and rib case broken." (*Id.*)  He was
14 denied medical treatment and placed in administrative segregation before being transferred
15 to the Richard J. Donovan Correctional Facility where medical staff concluded that his rib
16 cage was broken. (*Id.* at 10-11.)  Slamen alleges that Castaneda and the other officers took
17 these actions in relation for plaintiff reporting staff misconduct to the attorneys for the
18 *Coleman* and *Armstrong* class actions. (*Id.* at 10-12.)  He claims that Castaneda retaliated
19 against him in violation of the First Amendment and delayed medical care and used
20 excessive force in violation of the Eighth Amendment.
21     Slamen filed one grievance regarding the October 2020 incident, which was
22 received by the Appeals Office at Salinas Valley on November 2, 2020, and given log
23 number 54220.  (Mot. for Summ. J. (MSJ), Dkt. No. 22-1 at 8; Moseley Decl., Dkt. No.
24 22-3 at 16-19.)  The grievance alleges that Castaneda used excessive force; it did not
25 contain allegations that Castaneda delayed medical care or acted in retaliation.  Nor is
26 there any mention that Slamen called the attorneys in the class actions. (*Id.*, Mosley Decl.,
27 Dkt. No. 22-3 at 16.)
28     The grievance was denied on grounds that there was no evidence to support the

2

allegations. (*Id.* at 13.) Slamen appealed. (*Id.* at 14-15.) The response to the appeal stated that the grievance was denied while the matter was still under investigation. (*Id.* at 23.) The Appeals Office ordered that a new grievance be opened and that Slamen be given an answer to the issues he raised or be told that the matter was still under inquiry. (*Id.*)

This new grievance was given log number 97766 and Slamen's claim was denied on May 15, 2021, as unsupported. (*Id.* at 26.) Slamen appealed, but the Appeals Office did not give a timely response. (*Id.* at 61.) Defendants concede that the May 15, 2021 response constitutes a final response to excessive force allegations and that Slamen is deemed to have exhausted his excessive force claims against Castaneda. (*Id.*, Moseley Decl., ¶ 13.)

**STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is

3

1  concerned only with disputes over material facts and "[f]actual disputes that are irrelevant
2  or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the
3  court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91
4  F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with
5  reasonable particularity, the evidence that precludes summary judgment. *Id.* If the
6  nonmoving party fails to make this showing, "the moving party is entitled to a judgment as
7  a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

## DISCUSSION

Prisoners must exhaust their administrative remedies properly before filing suit in federal court, as mandated by the Prison Litigation Reform Act. *Ross v. Blake*, 578 U.S. 632, 638-641 (2016); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner is required to exhaust the grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Blake*, 578 U.S. at 642 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2006)). Unless the administrative process is not available, "the PLRA's text suggests no limits on an inmate's obligation to exhaust —irrespective of any 'special circumstances.'" *Id.* at 639. "[T]hat mandatory language means a court may not excuse a failure to exhaust." *Id.*

The prison's requirements define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Ngo*, 548 U.S. at 90. The exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 84.

The defendant bears the burden of proving that an administrative remedy was available to the prisoner and that he failed to exhaust such remedy. *Albino v. Baca*, 747

F.3d 1162, 1172 (9th Cir. 2014). "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Castenada contends that Slamen did not exhaust his First Amendment retaliation or Eighth Amendment medical care claims against Castaneda and his motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). But the court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

Castenada has presented evidence that an administrative remedy was available to Slamen — Slamen filed a grievance regarding the October 2020 incident — and that Slamen did not exhaust his First Amendment retaliation or Eighth Amendment medical care claims. The grievance he filed describes only the claim of excessive force. He therefore has not complied with the CDCR's requirement to "describe all information known and available to the claimant regarding the claim, including key dates and times, names and titles of all involved staff members (or a description of those staff members), and names and titles of all witnesses, to the best of the claimant's knowledge." 15 Cal. Code Regs. § 3482(c)(2).

The record does not disclose a genuine dispute of material fact; the papers in support of the motion for summary judgment are evidence that Slamen did not exhaust

these claims.  Castenda's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  Castaneda's motion for summary judgment is GRANTED on the First Amendment and Eighth Amendment medical care claims.  Slamen has exhausted his excessive force claim, which is the claim I am referring for settlement.

## CONCLUSION

Defendant Castaneda's motion for summary judgment is GRANTED as to the First Amendment and Eighth Amendment medical care claims.  All claims against defendant Valencia are DISMSSED.

Pursuant to Local Rule 72-1, this matter is referred to the Honorable Robert Illman for purposes of settlement.  The parties will be advised of the date, time and place of the next appearance by notice from Judge Illman.  Plaintiff must attend all conferences scheduled by Judge Illman.  Failure to attend even one conference, or a failure to comply with Judge Illman's instructions and orders in every respect, may result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk shall forward a copy of this order to all parties and to Judge Illman, and terminate all pending motions.  This action is STAYED until further order of this Court.

The Clerk shall terminate Valencia as a defendant in this action.

**IT IS SO ORDERED.**

**Dated:**  April 17, 2024



WILLIAM H. ORRICK
United States District Judge